ROSALYNN C. DONOHO,            )
                              )
        Plaintiff/Appellee,   )        Appeal No.
                              )        01-A-01-9802-CV-00070
v.                            )
                              )        Wilson Circuit
WILLIAM J. DONOHO, JR.,        )        No. 8887
                              )
        Defendant/Appellant.   )
                              )

FILED

July 15, 1998

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE CIRCUIT COURT FOR WILSON COUNTY

AT LEBANON, TENNESSEE


THE HONORABLE BOBBY CAPERS, JUDGE




HUGH GREEN
100 Public Square
Lebanon, Tennessee  37087
        ATTORNEY FOR PLAINTIFF/APPELLEE


JAMES C. McBROOM
C. EDWARD SCUDDER, JR.
211 Printers Alley Building, Suite 502
Nashville, Tennessee  37201
        ATTORNEYS FOR DEFENDANT/APPELLANT




AFFIRMED AND REMANDED




WILLIAM B. CAIN, JUDGE

# OPINION

In this case defendant appeals an adverse jury verdict in a personal injury action.

Appellant and appellee were married in the mid-seventies and divorced in 1983. They reconciled after their divorce and had been living together for approximately five years at the time of the incident of February 20, 1993 which precipitated the law suit at bar. On that day, William J. Donoho, Jr. physically assaulted Rosalynn C. Donoho. After a one day trial, a jury assessed $85,000 compensatory damages and $15,000 punitive damages against Mr. Donoho. His motion for a new trial or, in the alternative, for a remittitur was overruled by the trial court and he appealed.

The issues presented for review as stated by the appellant are:

1. Whether the trial court erred in denying Defendant's Motion for New Trial, or in the alternative, a Remittitur, and in approving the jury verdict for compensatory damages in the amount of Eighty-five Thousand ($ 85,000.00) Dollars when the Plaintiff offered proof of only Eight Hundred, Nineteen ($ 819.00) Dollars in medical damages?

2. Whether the trial court committed reversible error in failing to exclude improper evidence of the Defendant's character?

3. Whether the trial court committed reversible error in admitting evidence of the Plaintiff's reputation without proper foundation?

Appellant does not take issue with the $15,000 punitive damage award but asserts only that the $85,000 compensatory damage award should be reversed.

Appellant does not assert that the verdict of the jury is a product of passion, prejudice or caprice. The issue asserted is that the compensatory damage award is above the range of reasonableness and, as such, is not supported by the evidence.

In the case at bar, the trial court has approved the verdict of the jury.

In *Ellis v. White Freightliner Corp.,* the Supreme Court said:

[6] The trial judge's approval of a jury verdict invokes the material evidence rule with respect to all other issues of fact and we know of no reason why that rule should not have the same effect when that approval includes the amount of the award. That action by the trial judge means that he has accredited the testimony of the witnesses on the issue of damages and has evaluated the evidence as supporting the amount awarded. Nevertheless, when the question of remittitur is raised, the Court of Appeals has the duty to review the proof of damages and the authority to reduce an excessive award. But when the trial judge has approved the verdict, the review in the Court of Appeals is subject to the rule that if there is any material evidence to support the award, it should not be disturbed.

We affirm these guidelines and caveats in *Southern R. R. Co. v. Sloan, supra* :

"There is no exact yardstick, or measurement, which this court may use as a guide to determine the size of verdicts which would should be permitted to stand in cases of this kind. Each case must depend upon its own facts and the test to be applied by us is not what amount the members of the court would have awarded had they been on the jury, or what they, as an appellate court, think should have been awarded, but whether the verdict is patently excessive. The amount of damages awarded in similar cases is persuasive but not conclusive, and, in evaluating the award in other cases, we should note the date of the award, and take into consideration inflation and the reduced value of the individual dollar." 56 Tenn. App. at 392-393, 407 S.W.2d at 211.

We also reiterate that a finding of excessiveness necessarily involves a determination of the dollar figure that represents the point at which excessiveness begins, and that figure is the upper limit of the range of reasonableness. In this case, as distinguished from *Smith v. Shelton, supra*, all of the evidence in the record that tends to support the amount of the verdict should be given full faith and credit upon appellate review.

*Ellis v. White Freightliner Corp.*, 603 S.W.2d 125, 129 (Tenn.1980). Hence, the only question for this court to consider is whether there is material evidence to support the award below.

The evidence below showed Mrs. Donoho was physically assaulted by Mr. Donoho. The results of his assault upon her are graphically illustrated by the record. The photographic evidence revealed extensive facial and bodily injury. Both Mrs. Donoho and lay witnesses testified that she suffers great embarrassment, humiliation and severe emotional distress as a result of the assault. While it is true that the only medical bills in evidence were $819.00 paid to Donleson Hospital; Mrs. Donoho further testified without objection from the defendant that she had required medical and psychological treatment in Arizona and that she had been diagnosed as suffering from post-traumatic stress syndrome. She was compelled to take anti-depressant medications. The evidence indicates that Mrs. Donoho was a professional, career-oriented woman and very successful in her business. After the February 20, 1993 incident she was forced to live in a motel for five weeks, too depressed, embarrassed and humiliated to go to work during this period or to eat out because of her injuries.

The evidence concerning the damages suffered by Mrs. Donoho is more than sufficient to support the verdict. The $85,000 award is not beyond the range of reasonableness. It is true that the evidence concerning Mrs. Donoho's treatment in Arizona was not supported by medical testimony. Her own testimony, admitted in evidence without objection by the defendant, is adequate to support the jury's verdict.

Appellant further objected to testimony asserting that the defendant neglected his children by a previous marriage until they were in their mid-teens and allowed his minor son, Jay, to drink alcohol and use drugs in their home. This evidence came in during the testimony of Mrs. Donoho and further during the testimony of Mr. Donoho and his son Jay. It generally established some of the factors leading up to the explosive incident of February 20, 1993.

Appellant further asserts that the trial court erred in admitting an advertising brochure depicting the plaintiff, along with other professionals in her field of endeavor. This document is cumulative to the testimony of other witnesses who testified to the effect that Mrs. Donoho was a hard worker and professionally accomplished. For the purposes offered, the evidence was

admissible.  Even if the admissibility were questionable, it cannot be said that such evidence, more probably than not, affected the judgment.  *See* Tenn. R. App. P. 36(b).  In this respect therefore, the jury verdict stands.

The judgment of the trial court is in all respects affirmed.  The case is remanded to the trial court for further proceedings.  The costs of this appeal are assessed against appellant, William J. Donoho, Jr.


_____

WILLIAM B. CAIN, JUDGE


CONCUR:


_____

HENRY F. TODD, PRESIDING JUDGE


_____

WILLIAM C. KOCH, JR., JUDGE